

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00318-CR

**MICHAEL JAMES REED, JR.,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2011-2422-C1**

## O P I N I O N

In three issues, appellant, Michael James Reed Jr., challenges his convictions for

two counts of aggravated sexual assault of a child, a first-degree felony, and one count

of indecency with a child by contact, a second-degree felony.  *See* TEX. PENAL CODE ANN.

§§ 21.11(a)(1), (d) (West 2011); *see also id.* § 22.021(a)(1)(B), (e) (West Supp. 2012).  We

affirm.

# I. BACKGROUND

Initially, appellant was charged by indictment with one count of continuous sexual abuse of a child (Count 1), one count of aggravated sexual assault of a child (Count 2), and one count of indecency with a child by contact (Count 3). Each of the counts referenced acts allegedly perpetrated by appellant against P.M-G., appellant's niece who was younger than fourteen years old at the time of the incidents.

Thereafter, the State amended Count 1 of the indictment pertaining to the allegation of continuous sexual abuse of a child. Instead, the State alleged another count of aggravated sexual assault of a child. The case proceeded to trial.

At trial, several witnesses testified, including the child victim. At the conclusion of the evidence, the jury found appellant guilty of all three charged offenses. The jury assessed punishment as follows: (1) incarceration in the Institutional Division of the Texas Department of Criminal Justice for life with a $10,000 fine for Counts 1 and 2; and (2) twenty years' incarceration with a $10,000 fine for Count 3. The trial court ordered that the sentences run consecutively and certified appellant's right of appeal. This appeal followed.

# II. THE JURY CHARGE

In his first issue, appellant contends that the charge failed to limit the definitions of "intentionally" and "knowingly" to the relevant conduct elements of aggravated sexual assault and allowed the jury to apply inappropriate portions of the definitions to the facts. Appellant argues that, because of this error, he was egregiously harmed.

## A.    Applicable Law

In reviewing a jury-charge issue, an appellate court's first duty is to determine whether error exists in the jury charge. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). If error is found, the appellate court must analyze that error for harm. *Middleton v. State*, 125 S.W.3d 450, 453-54 (Tex. Crim. App. 2003). If an error was properly preserved by objection, reversal will be necessary if the error is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Conversely, if error was not preserved at trial by a proper objection, a reversal will be granted only if the error presents egregious harm, meaning appellant did not receive a fair and impartial trial. *Id.* To obtain reversal for jury-charge error, appellant must have suffered actual harm and not just merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012); *Arline v. State*, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986).

Appellant admits that he did not object to the jury charge, and the record does not indicate that appellant requested different definitions for "intentionally" and "knowingly"; thus, he must show egregious harm. *See Almanza*, 686 S.W.2d at 171. In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the final arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006). Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory.

*Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

**B.      Discussion**

At the outset, we note that article 36.14 of the Texas Code of Criminal Procedure provides that the trial court must provide the jury with "a written charge distinctly setting forth the law applicable to the case."   TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007).   In doing so, the abstract portion of the charge included the definitions of "intentionally" and "knowingly," as defined in section 6.03 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 6.03(a)-(b) (West 2011).   Appellant argues that the inclusion of these definitions in their entirety was erroneous because he believes that aggravated sexual assault is a "result of conduct" offense.   In other words, appellant asserts that the inclusion of the full definitions of "intentionally" and "knowingly" combined with the language contained in the application paragraph of the charge "allowed the jury to do that which the law did not allow—to find Apellant [sic] guilty of aggravated sexual assault by [the nature of] his conduct, rather than intending or knowing the prohibited results."   In making this argument, appellant relies heavily on the Corpus Christi Court of Appeals' determination that aggravated sexual assault is a "result of conduct offense."  *See Saldivar v. State*, 783 S.W.2d 265, 267 (Tex. App.—Corpus Christi 1989, no pet.).

An examination of the case law governing this issue shows that the law is unsettled regarding how the culpable mental states should be defined in a sexual-assault charge.  *See, e.g., Belmares v. State*, No. 03-11-00121-CR, 2011 Tex. App. LEXIS

9273, at *5 (Tex. App.—Austin Nov. 23, 2011, pet. ref'd) (mem. op., not designated for publication). In fact, the Austin Court of Appeals has recognized that:

> Some courts of appeals have concluded that a full statutory definition is permissible because sexual assault is either a result-of-conduct offense or combines both result-of-conduct and nature-of-conduct elements. *See, e.g., Baker v. State*, 94 S.W.3d 684, 690-91 (Tex. App.—Eastland 2002, no pet.) (concluding that offense of aggravated sexual assault of child involves both result-of-conduct and nature-of-conduct elements and that trial court did not err in defining intentionally and knowingly in terms of result-of-conduct); *Murray v. State*, 804 S.W.2d 279, 280-81 (Tex. App.—Fort Worth 1991, pet. ref'd) (concluding that trial court did not err in submitting full statutory definitions of intentionally and knowingly because aggravated sexual assault had not yet been characterized as either "result-of-conduct" or "nature-of-conduct" offense); *Saldivar v. State*, 783 S.W.2d 265, 267-68 (Tex. App.—Corpus Christi 1989, no pet.) (concluding that sexual assault is "result-of-conduct" offense and thus trial court did not err in including "result-of-conduct" definition); *see also Wagner v. State*, No. 08-09-00021-CR, 2010 Tex. App. LEXIS 4087, at *12-16 (Tex. App.—El Paso May 28, 2010, pet. ref'd) (not designated for publication) (concluding that trial court does not err by submitting full statutory definitions of "intentionally" and "knowingly"); *Hutson v. State*, No. 05-09-00033-CR, 2009 Tex. App. LEXIS 7873, at *13-14 (Tex. App.—Dallas Oct. 8, 2009, no pet.) (mem. op., not designated for publication) ("When an offense, such as aggravated sexual assault, is not clearly a result-oriented or a nature-of-the-conduct type offense, it is not error for the trial court to submit both in its definitions of knowingly and intentionally.").

*Id.* at **5-6.

This Court has stated that aggravated sexual assault is a conduct-oriented offense in which the focus of the offense is on whether the defendant acted intentionally or knowingly with respect to the nature of his conduct rather than the result of his conduct. *See, e.g., Garcia v. State*, No. 10-09-00162-CR, 2010 Tex. App. LEXIS 2429, at **5-6 (Tex. App.—Waco Mar. 31, 2010, no pet.) (mem. op., not designated for publication) (citing *Gonzales v. State*, 304 S.W.3d 838, 848 (Tex. Crim. App. 2010) (stating that

aggravated sexual assault is a conduct-oriented offense when considered in the context of double-jeopardy and jury unanimity); *Vick v. State*, 991 S.W.2d 830, 832 (Tex. Crim. App. 1999) (same)).[1]  As such, we do not find appellant's contention that aggravated sexual assault is a "result of conduct" offense to be persuasive.

Nevertheless, assuming without deciding that it was error for the jury charge to include the full statutory definitions of "intentionally" and "knowingly," the fact remains that appellant did not object to the definitions at trial.[2]  As mentioned earlier, appellant is not entitled to a reversal unless he was egregiously harmed by those definitions.  *See Almanza*, 686 S.W.2d at 171.  And among the aforementioned items that factor into an egregious-harm analysis, we may also consider the degree, if any, to which the culpable mental states were limited by the application portion of the jury

---

[1] In *Vick v. State*, the Texas Court of Criminal Appeals noted that:

> In sum, Art. 22.021 is a conduct-oriented statute; it uses the conjunctive "or" to distinguish and separate different conduct; and its various sections specifically define sexual conduct in ways that usually require different and distinct acts to commit.  These considerations lead us to conclude that the Legislature intended that each separately described conduct constitutes a separate statutory offense.

991 S.W.2d 830, 833 (Tex. Crim. App. 1999).

[2] In fact, the charge provided the following definitions for "intentionally" and "knowingly," which mirror those prescribed in section 6.03 of the Texas Penal Code:

> A person acts intentionally or with intent with respect to the nature of his conduct, or to a result of his conduct when it is his conscious objective or desire to engage in the conduct, or cause the result.

> A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist.  A person acts knowingly, or with knowledge with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

*See* TEX. PENAL CODE ANN. § 6.03(a)-(b) (West 2011).

charge. *See Patrick v. State*, 906 S.W.2d 481, 492 (Tex. Crim. App. 1995); *Hughes v. State*, 897 S.W.2d 285, 296 (Tex. Crim. App. 1994); *Cook v. State*, 884 S.W.2d 485, 492 (Tex. Crim. App. 1994).

In this case, although the trial court gave the full statutory definitions of the culpable mental states in the abstract portion of the charge, the trial court limited the scope of the definitions in the application paragraph pertaining to the alleged conduct:

> As to the counts of Aggravated Sexual Assault of a Child-Counts I and II, and Indecency with a Child by Contact-Count III, alleged in the indictment, the State has the burden of proof. The State must prove each of the elements in the charged offenses beyond a reasonable doubt. The elements are set out below for each count. If each of you believe[s] the State has proved each and every element of any count beyond a reasonable doubt, you are required to return a verdict of guilty for that count.
>
> If you believe the State has failed to prove any element of a count of the indictment, you are required to return a verdict of not guilty as to that count. If you have reasonable doubt as to whether the Defendant is guilty of a specific count, you are required to find the Defendant not guilty of that count.
>
> . . . .
>
> ELEMENTS-COUNT I
>
> 1.  On or about the 1st day of September 2007;
>
> 2.  in McLennan County, Texas;
>
> 3.  the Defendant, MICHAEL JAMES REED, JR.;
>
> 4.  did then and there intentionally or knowingly cause the penetration of the sexual organ of [P.M.-G.], a child who was at the time then and there younger than fourteen (14) years of age and not the spouse of Defendant; by means of Defendant's finger.
>
> ELEMENTS-COUNT II

1. On or about the 1st day of March, 2007;

2. in McLennan County, Texas;

3. the Defendant, MICHAEL JAMES REED, JR.;

4. did then and there intentionally or knowingly cause the penetration of the sexual organ of [P.M.-G.], a child who was at the time then and there younger than fourteen (14) years of age and not the spouse of Defendant; by means of Defendant's finger.

Thus, the jury was instructed that it could convict appellant of aggravated sexual assault of a child only if it found that he had intentionally or knowingly caused the penetration of the sexual organ of P.M.-G. with his finger. This is consistent with the statutorily-prohibited conduct. *See* TEX. PENAL CODE ANN. § 22.021. When the application paragraph correctly instructs the jury on the law applicable to the case, this mitigates against a finding of egregious harm. *See Patrick*, 906 S.W.2d at 493; *Hughes*, 897 S.W.2d at 296-97; *Pitre v. State*, 44 S.W.3d 616, 621 (Tex. App—Eastland 2001, pet. ref'd); *see also Belmares*, 2011 Tex. App. LEXIS 9273, at *9.

Furthermore, like *Belmares*, this was not a case in which intent was a contested issue at trial. Appellant's defense was not that he had accidentally touched P.M.-G. or that he lacked the requisite mens rea to commit the charged offense. Instead, appellant denied that the incident even occurred, and his theory during the trial was that the child's outcry was fabricated. Consequently, throughout trial and during closing arguments, the parties focused on the credibility of the child victim, not on whether appellant possessed the culpable mental states required to commit the offense.

Accordingly, on this record, we cannot conclude that the alleged charge error affected the very basis of the case, deprived appellant of a valuable right, vitally affected appellant's defensive theory, or made a case for conviction clearly and significantly more persuasive. *See Saldivar*, 783 S.W.2d at 268 ("Where no defense is presented which would directly affect an assessment of mental culpability, there is no harm in submitting erroneous definitions of 'intentionally' and 'knowingly.'"); *see also Jones v. State*, 229 S.W.3d 489, 494 (Tex. App.—Texarkana 2007, no pet.) ("[T]he intent of Jones in touching B.S.S., while it was part of the State's required proof, was not a contested issue and consequently Jones could not be egregiously harmed by the definition of the intentional and knowing state of mind."). We overrule appellant's first issue.

### III. THE STATE'S JURY ARGUMENT

In his second issue, appellant complains about the State's closing argument. Specifically, appellant asserts that the State's closing argument made an improper appeal for sympathy for the alleged child victim.

### A. Applicable Law

We review a trial court's rulings on objections to argument for abuse of discretion. *York v. State*, 258 S.W.3d 712, 717 (Tex. App.—Waco 2008, pet. ref'd). Proper jury argument falls within one of four general areas: (1) summation of evidence; (2) reasonable deductions from the evidence; (3) answers to arguments of opposing counsel; and (4) pleas for law enforcement. *Lagrone v. State*, 942 S.W.2d 602, 619 (Tex. Crim. App. 1997). Jury argument must be extreme or manifestly improper or inject new

and harmful facts into evidence to constitute reversible error. *Shannon v. State*, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996). Furthermore, in most cases, if error occurs, an instruction to disregard will cure any error committed. *Id.*

**B.    Discussion**

Appellant directs us to the following portion of the State's closing argument, to which appellant objected in the trial court:

| | |
|---|---|
| [The State]: | So throughout her entire life she's had betrayal by her mom, betrayal by her dad, who couldn't be a father figure, betrayal—what appeared to be betrayal by every school system that she went to. She would get in trouble every time because it's hard to adjust. Betrayal when she finally had the courage to talk about the number of times that he betrayed her. Her entire family betrayed her. The Bellmead Police Department betrayed her. |
| | This system put the burden on her. Now, legally, the burden's on the State. Did I have to stand up there or sit up there and tell you about my period? |
| [Defense counsel]: | Your Honor, we object to the plea for sympathy. |
| THE COURT: | Overruled. |
| [The State]: | A 13-year-old girl had to sit up there and answer questions about whether she had started her period or not in front of 12 strangers. That's ridiculous. The burden was on her. |

We find the State's closing argument to be a reply to appellant's closing argument, a summation of the evidence presented, and a plea for law enforcement. *See Lagrone*, 942 S.W.2d at 619. The Texas Court of Criminal Appeals has held that a similar jury argument was a proper plea for adequate punishment and law enforcement. *See*

*Stone v. State*, 574 S.W.2d 85, 90 (Tex. Crim. App. 1978). According to the *Stone* court,

the following jury argument was deemed proper:

> She will still have the scars of some sort that will bring her back to that point in time when she was in that trailer and now she knows or has some idea of the impact of what went on and she knows how it was bad and wrong, and I'm sure it's embarrassing to her, and don't you know it will always embarrass her if someone will know what happened to her back when she was a little girl at the hands of this Defendant.
>
> Now, that's sad it really is, and you should think about her when you're assessing your punishment. Let's think about her and think about the other children that live in this community that are subjected to this type of conduct by others and use your common sense.

*Id.*

Furthermore, a review of the testimony adduced at trial shows that appellant's

main defensive theory was to challenge the credibility of P.M.-G. In his closing

argument, appellant repeatedly referenced instances where P.M.-G. got in trouble and

testimony where family members noted that P.M.-G. has lied on occasion. Appellant

put P.M.-G.'s credibility squarely at issue. In its closing argument, the State explained

why P.M.-G. had no motive to lie in court, especially considering the embarrassing

nature of the testimony. In addition, the record reflects that P.M.-G. agreed with the

prosecutor's question that appellant stuck his fingers in the area "where [P.M.-G.'s]

period comes out." Thus, the State's commentary also constituted a summation of

P.M.-G.'s testimony. And finally, the betrayal comments refer to the time lag involved

in investigating this case.[3] The State, in its closing argument, pleaded with the jury to

---

[3] The amended indictment indicates that the alleged instances of aggravated sexual assault of a child and indecency with a child by contact occurred in mid to late 2007. T.M., P.M-G.'s mother, testified that P.M-G. made an outcry to her in 2008, and she immediately went to the police. However, appellant

believe P.M.-G.'s testimony and to hold appellant accountable for his action—or, in other words, made a plea for law enforcement.

Therefore, based on the foregoing, we cannot say that the trial court abused its discretion in overruling appellant's objection to the State's closing argument. *See York*, 258 S.W.3d at 717; *see also Lagrone*, 942 S.W.2d at 619. We overrule appellant's second issue.

### IV. APPELLANT'S MOTION FOR MISTRIAL

In his third issue, appellant complains that the trial court erred by overruling his motion for mistrial after the trial court incorrectly told the venire panel that appellant was charged with continuous sexual abuse of a child when Count 1 of the indictment had been amended to allege the offense of aggravated sexual assault of a child.

### A. Applicable Law

We review the denial of a motion for mistrial under an abuse-of-discretion standard. *Archie v. State*, 221 S.W.3d 695, 699-700 (Tex. Crim. App. 2007). Under this standard, we uphold the trial court's ruling as long as the ruling is within the zone of reasonable disagreement. *Id.* "'A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile.'" *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000) (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)). It is appropriate only for "a narrow class of highly prejudicial and incurable errors." *Id.*; *see Hawkins v. State*, 135

---

was not indicted for the charged offenses until December 7, 2011. T.M. recounted that more than two years elapsed before anything was done by police in this case.

S.W.3d 72, 77 (Tex. Crim. App. 2004). Therefore, a trial court properly exercises its discretion to declare a mistrial when, due to the error, "an impartial verdict cannot be reached" or a conviction would have to be reversed on appeal due to "an obvious procedural error." *Wood*, 18 S.W.3d at 648 ("A mistrial is required only when the improper question is clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors."); *see Ladd*, 3 S.W.3d at 567.

**B.    Discussion**

In the instant case, after the venire panel was sworn and seated, the trial judge gave the venire panel instructions and information about the offenses for which appellant was charged. In doing so, the trial judge erroneously read from the original indictment, which stated that appellant was charged with continuous sexual abuse of a child.[4] After a discussion off the record with the attorneys, the trial judge corrected himself and stated: "All right. Ladies and gentlemen of the jury, the first count of the indictment does not allege continuous sexual assault; it alleged aggravated sexual assault of a child." After another discussion off the record, appellant moved for a mistrial, which was subsequently denied. The trial judge did, however, issue the following instruction:

> Ladies and gentlemen, I want to instruct you that the charges in the indictment charge aggravated sexual assault of a child—aggravated sexual assault, Count I, aggravated sexual assault, Count II, and indecency with a child, Count III. He is not charged with anything about continuous

---

[4] Specifically, the trial judge's comment, which appellant complains about, was that: "I can tell you that this defendant stands charged with continuous sexual abuse of a child, Count 1; aggravated sexual assault of a child, Count II; and indecency with child, Count III."

sexual assault of the child; that was my mistake. That was the Court's mistake.

Based on our review of the record, we cannot say that the trial court abused its discretion in denying appellant's motion for mistrial. *See Archie*, 221 S.W.3d at 699-700. Besides appellant's speculation, there is no indication that the trial judge's inadvertent misstatement about the indictment undermined the presumption of innocence. The trial judge, on two occasions, informed the venire panel that appellant was charged with aggravated sexual assault of a child, rather than continuous sexual abuse of a child. The Texas Court of Criminal Appeals has held that, in most cases, any harm can be cured by such instructions. *See Wood*, 18 S.W.3d at 648 (citing *Hernandez v. State*, 805 S.W.2d 409, 413-14 (Tex. Crim. App. 1990)); *see also Ladd*, 3 S.W.3d at 567. Moreover, the law generally presumes that instructions to disregard and other cautionary instructions will be duly obeyed by the jury. *See Archie v. State*, 340 S.W.3d 734, 741 (Tex. Crim. App. 2011); *see also Lewis v. State*, No. 10-09-00322-CR, 2011 Tex. App. LEXIS 6074, at *7 (Tex. App.—Waco Aug. 3, 2011, no pet.) (mem. op., not designated for publication). Accordingly, we must presume that the venire panel understood that appellant was charged with aggravated sexual assault of a child, rather than continuous sexual abuse of a child.

In any event, in support of this issue, appellant relies heavily on the Texas Court of Criminal Appeals' decision in *Blue v. State*. 41 S.W.3d 129 (Tex. Crim. App. 2000). In *Blue*, the court concluded that a trial judge's comments: (1) about a delay caused by defendant's vacillations regarding a plea deal; (2) that the defendant should have

accepted the plea deal; and (3) about a defendant's right to testify "imparted information to the venire that tainted the presumption of innocence." *Id.* at 130, 132. In our opinion, the inadvertent comment by the trial judge in this case is not comparable to or as egregious as the comments made by the trial judge in *Blue*. *See id.* at 130. As such, we do not find the *Blue* case to be persuasive in this matter.

Therefore, based on the foregoing, we cannot say that the trial court abused its discretion in denying appellant's motion for mistrial. *See Archie*, 221 S.W.3d at 699-700. We overrule appellant's third issue.

## V.  CONCLUSION

Having overruled all of appellant's issues on appeal, we affirm the judgments of the trial court.


AL SCOGGINS
Justice


Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed September 5, 2013
Publish
[CRPM]