

# IN THE
# TENTH COURT OF APPEALS

———————

**No. 10-13-00466-CR**
**No. 10-13-00467-CR**
**No. 10-14-00005-CR**

**ANTHONY LYNN THIBODEAUX,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

———————

### From the 87th District Court
### Freestone County, Texas
### Trial Court Nos. 12-154-CR; 12-156-CR; 12-155-CR

———————

## MEMORANDUM OPINION

———————

Anthony Lynn Thibodeaux was convicted of three separate offenses: one of sexual assault of a child and two of indecency with a child by contact. TEX. PENAL CODE ANN. §§ 22.011; 21.11(a)(1) (West 2014). Each offense occurred separately but was committed against the same victim and on the same date. Thibodeaux was sentenced to 10 years in prison for the sexual assault conviction and four years in prison for each conviction of indecency with a child. Because Thibodeaux was not egregiously harmed

by the trial court's jury charge error, because the trial court did not err in failing to narrow the scope of the limiting instruction in the jury charge, and because *Brady v. Maryland* does not apply to Thibodeaux's cell phone records, the trial court's judgment is affirmed.

## CHARGE ERROR

Thibodeaux's first two issues in these appeals relate to jury charge error to which he did not object at trial. Thibodeaux contends in his first issue that the trial court erroneously instructed the jury in the sexual assault case (10-13-00466-CR) regarding the applicable culpable mental states. He contends in his second issue that the trial court also erroneously instructed the jury in the indecency cases (10-13-00467-CR & 10-14-00005-CR) regarding the applicable culpable mental states. In response to the first issue, the State "concedes that the jury charge … incorrectly instructed the jury as if sexual assault were a result-oriented offense and not a conduct-oriented offense, [and thus] incorrectly defined 'intentionally' and 'knowingly.'" In response to the second issue, the State also "concedes the trial court incorrectly instructed the jury in the two indecency cases by: (1) erroneously defining the offense of indecency with a child by contact; (2) providing an erroneous definition of the term 'sexual contact;' (3) erroneously including a definition for the term 'knowledge;' and (4) erroneously requiring a finding that Appellant acted 'intentionally or knowingly.'" The State argues, however, that in both instances, Thibodeaux was not egregiously harmed.

Because the State concedes error, we proceed to a harm analysis. Unobjected-to jury charge error will not result in reversal of a conviction in the absence of "egregious harm." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006). Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

*Sexual Assault*

The State agrees that because the trial court incorrectly instructed the jury as if sexual assault were a result-oriented offense, correct definitions of intentionally and knowingly were omitted from the charge. The application paragraph, however, correctly instructed the jury on the applicable law. *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A) (West 2014). Further, the parties agree that the evidence did not focus on Thibodeaux's intent or knowledge but rather whether he committed the offense at all. Neither counsel addressed Thibodeaux's intent or knowledge in their respective arguments, focusing instead on whether the offense occurred at all. Generally, in regard to the culpable mental state, egregious harm is not found when intent is not a

contested issue. *See Saldivar v. State*, 783 S.W.2d 265, 268 (Tex. App.—Corpus Christi 1989, no pet.) ("Where no defense is presented which would directly affect an assessment of mental culpability, there is no harm in submitting erroneous definitions of 'intentionally' and 'knowingly.'"); *Jones v. State*, 229 S.W.3d 489, 494 (Tex. App.—Texarkana 2007, no pet.) ("[T]he intent of Jones in touching B.S.S., while it was part of the State's required proof, was not a contested issue and consequently Jones could not be egregiously harmed by the definition of the intentional and knowing state of mind."). *See also Reed v. State*, 421 S.W.3d 24, 30 (Tex. App.—Waco 2013, pet. ref'd). Thibodeaux asserts, though, that the charge error caused him egregious harm because this charge, along with the errors in the indecency offense jury charges, likely caused the jury to be confused; and neither the attorneys nor the trial court did anything to clarify the jury's likely confusion. However, there is no indication in the record that the jury had any difficulties with understanding the charge; and in voir dire, the State accurately set out the elements it must prove to obtain a conviction which included the proper mental state.

### Indecency with a Child

In weighing the various factors to determine if any harm was egregious, the State agrees that the charge errors in the indecency cases weigh in favor of finding egregious harm. Nevertheless, intent and knowledge were not the focus of the disputed issues at trial. Rather, the focus was on whether or not Thibodeaux committed the offenses at all.

Further, although the State briefly addressed intent in its argument by mentioning the correct mens rea for the offenses, the parties' arguments primarily focused on whether the offenses occurred. Thibodeaux again asserts, though, that the charge error caused him egregious harm because this charge, along with the error in the sexual assault jury charge, likely caused the jury to be confused; and neither the attorneys nor the trial court did anything to clarify the jury's likely confusion. However, there is no indication in the record that the jury had any difficulties with understanding the charge. Although the State incorrectly included "intentionally or knowingly" when first referencing the elements of indecency with a child by contact in voir dire, the prosecutor later correctly informed the jury panel of the elements of the offense.

*Conclusion*

Accordingly, based on this record, we cannot conclude that the charge error in the sexual assault or indecency cases affected the very basis of those cases, deprived Thibodeaux of a valuable right, vitally affected his defensive theory, or made a case for conviction clearly and significantly more persuasive. We overrule issues one and two.

LIMITING INSTRUCTION

In his third issue, Thibodeaux contends the trial court failed to provide a meaningful limiting instruction in all three jury charges with regard to extraneous offense evidence. In other words, Thibodeaux complains that the instruction given in the jury charge was too broad and should have been restricted in scope. Again,

Thibodeaux did not object to the charge; thus, if the trial court erred, Thibodeaux has to show egregious harm before a reversal is warranted. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).

Rule of Evidence 105(a) provides that "[w]hen evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly." TEX. R. EVID. 105(a). Likewise, when extraneous offense evidence is admitted, the trial court should, upon request, instruct the jury that the evidence is limited to whatever specific purpose the proponent advocated. *Taylor v. State*, 920 S.W.2d 319, 323 (Tex. Crim. App. 1996); TEX. R. EVID. 404(b). When no limiting instruction is given, the jury considers the evidence for all purposes and no instruction is needed in the charge. *Hammock v. State*, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001). Thus, it is the scope of the limiting instruction given, or not given, at the time the evidence is introduced that defines what the jury can consider the evidence for.

Here, the State sought to introduce extraneous offense evidence obtained from Thibodeaux's computers, arguing that the evidence showed motive, intent, absence of mistake, plan, and preparation. *See* TEX. R. EVID. 404(b) ("evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."). Thibodeaux argued that

the evidence was inadmissible under 404(b) and that the probative value of the evidence was outweighed by its prejudicial effect. *See id*. 403. Some of the evidence was excluded; some was admitted. As to the evidence that was admitted, the trial court, upon a general request from Thibodeaux, gave a limiting instruction, prior to the introduction of that evidence, which informed the jury that the evidence was admitted for "the limited purpose to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, and you may consider that testimony only for that purpose and that purpose only." While the State concedes the scope of the instruction given was too broad, there was no objection to the instruction at the time it was given. Thus, just as when no limiting instruction is requested, no charge instruction is necessary, the trial court does not err by failing to give a more restrictive instruction on the scope of the use of the evidence in the charge to the jury than what was given initially without objection. The limiting instruction given in the charge in these cases was the same limiting instruction given to the jury when the evidence was admitted. Accordingly, the trial court in this instance did not err in failing to give a more restrictive jury charge instruction, and Thibodeaux's third issue is overruled.

*BRADY*

In his fourth issue, Thibodeaux asserts that the trial court abused its discretion in denying Thibodeaux's motion for new trial based on a *Brady*[1] violation. Thibodeaux

---

[1] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

alleged that the State failed to disclose that it possessed Thibodeaux's cell phone records in violation of *Brady*. We review a trial judge's denial of a motion for new trial under an abuse of discretion standard. *Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014); *Salazar v. State*, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001).

*Brady* does "not apply when the appellant was already aware of the information." *Hayes v. State*, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002). Just as in *Hayes,* where *Brady* did not apply to a letter the defendant wrote, Thibodeaux was already aware of his cell phone texts and calls; thus, *Brady* does not apply to Thibodeaux's own cell phone records. *See also Havard v. State*, 800 S.W.2d 195, 204 (Tex. Crim. App. 1989) (*Brady* does not apply to appellant's own statement). Accordingly, the trial court did not abuse its discretion in denying Thibodeaux's motion for new trial. Thibodeaux's fourth issue is overruled.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
 Justice Davis, and
 Justice Scoggins
Affirmed
Opinion delivered and filed July 30, 2015
Do not publish
[CR25]

