

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-16-00233-CR

**THOMAS JOHNNY WILKINS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 66th District Court**
**Hill County, Texas**
**Trial Court No. 39,216**

_____

## MEMORANDUM OPINION

_____

Thomas Johnny Wilkins appeals from convictions for two counts of aggravated sexual assault of a child and one count of indecency with a child, which were enhanced by a prior conviction. TEX. PEN. CODE ANN. §§ 22.021, 21.11 (West 2011). Wilkins complains that: (1) the trial court abused its discretion by allowing the admission of evidence regarding his prior conviction; (2) the trial court abused its discretion by admitting evidence regarding the circumstances surrounding the commission of the

underlying offense of the prior conviction; (3) the evidence was factually insufficient; (4) the jury charge was erroneous regarding culpable mental states; (5) the trial court erred by assessing court costs because Wilkins is indigent; and (6) the statutes authorizing the imposition of court costs are unconstitutional as applied. Because we find no reversible error, we affirm the judgments of the trial court.

## ADMISSION OF EVIDENCE

In his first and second issues, Wilkins complains that the trial court abused its discretion by allowing the admission of evidence regarding a prior extraneous offense for which he was convicted against a victim other than the victim in this proceeding. In his first issue, Wilkins complains that the trial court should not have allowed testimony regarding the fact that he was convicted of the prior extraneous offense because its probative value was substantially outweighed by the danger of unfair prejudice pursuant to Rule 403 of the Rules of Evidence. In his second issue, Wilkins complains that the trial court erred by allowing the victim of the prior extraneous offense to testify regarding the circumstances surrounding that offense pursuant to Rule 403.

The trial court conducted a hearing prior to swearing in the jury pursuant to article 38.37 of the Code of Criminal Procedure in order to determine the admissibility of the testimony of Wilkins's former stepdaughter, the victim in a prior extraneous offense for which Wilkins was convicted and required to register as a sex offender. In making his introductory remarks to the trial court, counsel for Wilkins stated:

[W]e would argue that if, in fact—if the State of Texas could bring in the priors, not only would it be a constitutional violation, but more than anything else, it would be unduly prejudiced [sic], and it would place my client in great jeopardy thereby violating not only the national constitution—U.S. Constitution but also the State constitution because he would literally be a witness against himself, Your Honor. So, therefore, what we're asking the Court to consider is not allowing the extraneous of a prior either bad act or conviction in reference to my client in the State's case in chief.

The trial court took Wilkins's objections under advisement until after the State's presentation of evidence. After hearing evidence and deferring a ruling on outcry witness testimony, the victim was called to testify pursuant to article 38.37. After her testimony was concluded, the trial court ruled that the victim's testimony regarding the circumstances surrounding the prior extraneous offense was admissible by stating:

The testimony of [the victim] I find admissible on the—what occurred to her or how the sexual abuse occurred to her is admissible. I find that the—it's possible that—sufficient under her testimony that a jury could find beyond a reasonable doubt that the offense was committed also, and relying on the representation of the State of the similarity of the two offenses, this one and the previous one, which allegedly involves administration of some type of a depressant to the alleged victims is similar enough to show similarity, and the age, of course, and other matters sufficient to show similarity of the commission of the offense and is further admissible for the purpose of showing character of the alleged perpetrator. And, therefore, the defendant's objections to that testimony is overruled. I do have a question as to what—and I've already ruled that she can certainly testify what happened to her provided the State is going to lay the foundation with the previous—with a prior witness that this similar—was committed in a similar manner, but I have a question as to whether or not that this witness can testify or there would be—there could be other testimony or evidence submitted by the State to show that there was a conviction in the case. I'm not sure that that would be admissible.

The State indicated that it would provide the trial court with case law to support

the admissibility of the prior conviction but agreed that the prior conviction would not be mentioned in the State's opening statement if the case law was not provided. Wilkins then made a further objection to the trial court's ruling on the admission of the victim's testimony as follows:

> Your Honor, we believe that this would be a violation of the U.S. Constitution and also the State constitution because it would literally place my client on the basis that he would have to be a witness against himself. So, again, Your Honor, for the record, we object to the Court's ruling.

The trial court overruled Wilkins's objection and took a break. Once back on the record, the trial court informed counsel for Wilkins:

> [The State] couldn't readily find his case like he had hoped to do, although he's still convinced he can do it. But anyway, what I'm telling him is that he can't tell the jury in opening statement that the defendant was convicted. Although I said the testimony from the victim herself is admissible, he can't tell the jury in opening statement that he has been convicted, and he's not going to be able to introduce evidence that the defendant was convicted before the jury until he comes up with this case which he says is going to back him up. If it does, I'll allow it. If it doesn't, I won't.

Counsel for Wilkins responded as follows:

> Your Honor, for the record, during our small break—and I appreciate the Court giving us that—the defense at this point in time would move to stipulate as to the prior conviction.

Counsel for Wilkins then stated that because of the stipulation of the prior conviction, the circumstances of the underlying offense would therefore be inadmissible. The trial court disagreed and informed Wilkins that the evidence would still be allowed. The trial court gave Wilkins the opportunity to withdraw his stipulation, which Wilkins

declined. The trial court then informed Wilkins and the State that based on his stipulation, the State could refer to the prior conviction in its opening statement.

The State argues that Wilkins did not preserve an objection pursuant to Rule 403. Wilkins contends that his one phrase "unduly prejudiced" was sufficient to apprise the trial court of his objection but does not refer to anywhere else in the record where this objection was lodged to the trial court. In order to preserve error, the record must show that the complaint was made that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context;" and that the trial court "ruled on the request, objection, or motion, either expressly or implicitly." TEX. R. APP. P. 33.1 (a)(1)(A) & (a)(2)(A).

It is apparent from the record that the objection before the trial court related to the admissibility of the testimony of the victim relating to his conviction and the circumstances of the prior extraneous offense pursuant to article 38.37. There is nothing to indicate that the trial court considered Rule 403 during the hearing and Wilkins did not object to the trial court's failure to rule on that objection if that objection was, in fact, actually made. Because of this, Wilkins's complaints regarding Rule 403 were not properly preserved, and were therefore waived. We overrule issues one and two.

## FACTUAL SUFFICIENCY

In his third issue, Wilkins argues that, although the evidence was legally sufficient,

the evidence was factually insufficient to support his convictions. The Texas Court of

Criminal Appeals, in *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010),

abandoned the factual-sufficiency standard in criminal cases. *Brooks v. State*, 323 S.W.3d

893, 912 (Tex. Crim. App. 2010). This Court has repeatedly previously considered and

rejected the arguments presented by Wilkins. *See Thomas v. State*, No. 10-17-00049-CR,

2017 Tex. App. LEXIS 10981 at *5-6 (Tex. App.—Waco Nov. 22, 2017, no pet. h.) (mem.

op., not designated for publication); *Burns v. State*, No. 10-16-00357-CR, 2017 Tex. App.

LEXIS 5946 at *8 (Tex. App.—Waco June 28, 2017, pet. ref'd) (mem. op., not designated

for publication); *Garcia v. State*, No. 10-16-00045-CR, 2017 Tex. App. LEXIS 195 at *6 (Tex.

App.—Waco Jan. 11, 2017, pet. ref'd) (mem. op., not designated for publication). We are

not persuaded to consider this argument in this proceeding. We overrule issue three.

## JURY CHARGE ERROR

In his fourth issue, Wilkins complains that the trial court erred by including the

incorrect definition of the culpable mental state of the result of conduct in the abstract

portion of the jury charge rather than the correct definition of nature of conduct.

Additionally, Wilkins complains that the jury charge erroneously did not restrict the

jury's consideration in the indecency charge to intentional conduct.

We review alleged jury charge error in two steps. *See, e.g., Cortez v. State*, 469

S.W.3d 593, 598 (Tex. Crim. App. 2015). We first determine whether error exists in the

charge. *Id*. Second, if there is error, we review the record to determine whether the error

caused sufficient harm to warrant reversal. *Id.*; *Ngo v. State*, 175 S.W.3d 738, 743-44 (Tex. Crim. App. 2005). When, as in this case, the error was not preserved by objection, the error will not result in reversal of the conviction without a showing of egregious harm. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *accord Ngo*, 175 S.W.3d at 743-44. "Egregious harm" is a difficult standard to meet and requires a showing that the defendant was deprived of a fair and impartial trial. *Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013). The record must disclose "actual rather than theoretical harm," and the error must have affected the very basis of the case, deprived the defendant of a valuable right, or vitally affected a defensive theory. *Id*.

Under article 36.14 of the Code of Criminal Procedure, the trial court shall deliver to the jury "a written charge distinctly setting forth the law applicable to the case[.]" TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007); *Taylor v. State*, 332 S.W.3d 483, 486 (Tex. Crim. App. 2011). Each statutory definition that affects the meaning of an element of the offense must be communicated to the jury. *Villarreal v. State*, 286 S.W.3d 321, 329 (Tex. Crim. App. 2009); *Arline v. State*, 721 S.W.2d 348, 352 n.4 (Tex. Crim. App. 1986).

Section 6.03 of the Texas Penal Code delineates three "conduct elements" that may be involved in an offense: "(1) the nature of the conduct; (2) the result of the conduct; and (3) the circumstances surrounding the conduct." *McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989); TEX. PENAL CODE ANN. §6.03 (West 2011). The language regarding culpable mental states in a jury charge must be tailored to the conduct elements

of the charged offense. *Price v. State*, 457 S.W.3d 437, 441 (Tex. Crim. App. 2015). "A trial court errs when it fails to limit the language in regard to the applicable culpable mental states to the appropriate conduct element." *Id*.

Aggravated sexual assault is a conduct-oriented offense in which the focus of the offense is on whether the defendant acted intentionally or knowingly with respect to the nature of his conduct rather than the result of his conduct. *Reed v. State*, 421 S.W.3d 24, 28-29 (Tex. App.—Waco 2013, pet. ref'd). The jury charge erroneously included only definitions of the result of his conduct regarding culpable mental states in the abstract portion of the jury charge, and did not include the definitions of the nature of his conduct. Further, the jury charge was also erroneous in that it did not limit the applicable mental state relating to the indecency charge to "intentional" conduct.

Because the jury charge was erroneous, we must determine whether Wilkins was egregiously harmed by the error. In assessing the degree of harm caused by error in the jury charge, we look at "the entire jury charge, the state of the evidence (including the contested issues and the weight of probative evidence), the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole." *Nava*, 415 S.W.3d at 298; *accord Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

The application portion of the jury charge, including that the offense must have been intentionally or knowingly committed as to the aggravated sexual assault counts,

and intentionally committed as to the indecency count, was correctly stated as to each offense, and Wilkins does not contend otherwise. Because of this, the error in the charge does not weigh heavily in favor of a finding of egregious harm. Wilkins concedes that there is nothing in the arguments of counsel or anything else in the record that weighs in favor of a finding of egregious harm. In addition, the state of the evidence showed that this was not a case where Wilkins's intent or knowledge was a contested issue at trial. *See Reed v. State*, 421 S.W.3d 24, 30 (Tex. App.—Waco 2013, pet. ref'd) (concluding appellant not egregiously harmed when focus at trial was on child victim's credibility and not whether he lacked the requisite culpable mental state to commit the offense); *Belmares v. State*, No. 03-11-00121-CR, 2011 Tex. App. LEXIS 9273, 2011 WL 5865236, at *3 (Tex. App.—Austin Nov. 23, 2011, pet. ref'd) (mem. op., not designated for publication) (no egregious harm because defense was that defendant denied the incident occurred and child's outcry was fabricated).

Based on our review of the record, we cannot conclude the alleged jury charge error affected the very basis of the case or a defensive theory at trial. Nor did the alleged error deprive Wilkins of a valuable right or make a case for conviction significantly more persuasive. *Reed*, 421 S.W.3d at 30. Accordingly, we overrule Wilkins's fourth issue.

## COURT COSTS

In his fifth and sixth issues, Wilkins asserts that the trial court erred in assessing court costs against him. In his fifth issue, Wilkins argues that he should not have to pay

court costs at all because he is indigent. In his sixth issue, Wilkins argues that the statutes authorizing the assessment of court costs against indigent criminal defendants are unconstitutional as applied to him and violate his right to equal protection because court costs are not assessed against indigent civil parties.

This Court has recently overruled substantially-similar arguments pertaining to the imposition of court costs for indigent criminal defendants. *See, e.g., Martinez v. State*, 507 S.W.3d. 914, 916-18 (Tex. App.—Waco 2016, no pet.). In light of our decision in *Martinez*, we are not persuaded by Wilkins's arguments regarding court costs. *See id*. Accordingly, we overrule Wilkins's fifth and sixth issues.

## CONCLUSION

Having found no reversible error, we affirm the judgments of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed February 28, 2018
Do not publish
[CRPM]

