

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00047-CR

**JUSTIN PRICE,**

                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                        **Appellee**


**From the 87th District Court
Freestone County, Texas
Trial Court No. 20-129-CR**


## MEMORANDUM OPINION


Justin Price was convicted of the offense of Continuous Sexual Abuse of a Young Child and sentenced to 50 years in prison. *See* TEX. PENAL CODE § 21.02(b). Because Price was not egregiously harmed by the trial court's jury charge error, and because this Court will not resume conducting factual sufficiency of the evidence reviews, the trial court's judgment is affirmed.

Because a sufficiency of the evidence review will not be conducted, we need not recite the evidence in this case.

**JURY CHARGE ERROR**

In his first issue, Price contends the trial court failed to properly instruct the jury regarding the applicable culpable mental states in the guilt-innocence charge. Price was charged with and convicted of the continuous sexual abuse of a young child. TEX. PENAL CODE § 21.02(b). He complains that the trial court provided definitions of intentional or knowing conduct in the charge to the jury which included "result of conduct" definitions when the offense of continuous sexual abuse is a "nature of conduct" offense. In other words, Price complains the trial court failed to limit language regarding the culpable mental states to the appropriate conduct element for the offense. Because Price concedes he failed to object to the error, he argues that to obtain reversal, the trial court's failure caused him egregious harm.

In reviewing a jury-charge issue, if error is found, we must analyze that error for harm. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). If error was not preserved at trial by proper objection, as in this case, a reversal will be granted only if the error presents egregious harm, meaning the defendant did not receive a fair and impartial trial. *Almanz*a, 686 S.W.2d at 171.

Under article 36.14 of the Code of Criminal Procedure, the trial court shall deliver to the jury "a written charge distinctly setting forth the law applicable to the case[.]" TEX. CODE CRIM. PROC. art. 36.14; *Taylor v. State*, 332 S.W.3d 483, 486 (Tex. Crim. App. 2011). Each statutory definition that affects the meaning of an element of the offense must be communicated to the jury. *Villarreal v. State*, 286 S.W.3d 321, 329 (Tex. Crim. App. 2009);

*Arline v. State*, 721 S.W.2d 348, 352 n.4 (Tex. Crim. App. 1986).

The Penal Code contains definitions for four separate culpable mental states. *See* TEX. PENAL CODE § 6.03 (intent, knowledge, recklessness, criminal negligence); *Campbell v. State*, 664 S.W.3d 240, 2022 Tex. Crim. App. 619, *7 (Tex. Crim. App. 2022). The Court of Criminal Appeals has previously recognized that "the scope of those culpable mental states is limited by the type of offense," which depends on the "conduct element." *Id.* (quoting *Cook v. State*, 884 S.W.2d 485, 487 (Tex. Crim. App. 1994)). There are three "conduct elements:" (1) nature of conduct; (2) result of conduct; and (3) the circumstances surrounding the conduct. *Id.*; *McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989). The language regarding culpable mental states in a jury charge must be tailored to the conduct elements of the charged offense. *Price v. State*, 457 S.W.3d 437, 441 (Tex. Crim. App. 2015). "A trial court errs when it fails to limit the language in regard to the applicable culpable mental states to the appropriate conduct element." *Id.*

Recently, in the context of a double jeopardy claim, the Court of Criminal Appeals, has held that the continuous sexual abuse of a young child offense has two conduct elements: nature of conduct and circumstances surrounding the conduct. *Ramos v. State*, 636 S.W.3d 646, 656 (Tex. Crim. App. 2021). As for the list of predicate offenses in Section 21.02(c), the statute is indifferent as to which specific offenses are committed, so long as at least two are committed against a child of the requisite age over a period of thirty days or more. *Id.* They operate essentially as manner and means of committing discrete aspects of the overarching continuous sexual abuse offense, but they do not define its essence. *Id.* Thus, the gravamen of a continuous sexual abuse offense is not a particular

instance of one of the offenses listed in Section 21.02(c). *Id.* Even if the predicate offense is to be considered, we have held that aggravated sexual assault, the specific predicate offense alleged to have been committed by Price, is "a conduct-oriented offense in which the focus of the offense is on whether the defendant acted intentionally or knowingly with respect to the nature of his conduct...." *Reed v. State*, 421 S.W.3d 24, 28-9 (Tex. App.—Waco 2013, pet. ref'd).

> Here, the abstract portion of the charge provided the following, in pertinent part:
>
> A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.
>
> A person acts knowingly, or with knowledge, with respect to the nature of his conduct or circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

These abstract definitions track the entirety of the language in section 6.03(a) and (b) of the Texas Penal Code. Because neither the offense nor the predicate offense are result-oriented offenses, there was no reason for the trial court to include result-of-the-conduct language in the definitions. Thus, the trial court erred in failing to limit the language in regard to the applicable culpable mental states to the appropriate conduct elements: nature of conduct and circumstances surrounding conduct.

We now turn to whether this error caused Price egregious harm. In examining the record for egregious harm, we consider 1) the complete jury charge, 2) the arguments of counsel, 3) the entirety of the evidence, including the contested issues and weight of the probative evidence, and 4) any other relevant factors revealed by the record as a whole.

*Hollander v. State*, 414 S.W.3d 746, 749-50 (Tex. Crim. App. 2013). Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Taylor v. State*, 332 S.W.3d 483, 490 (Tex. Crim. App. 2011).

There is nothing in the record indicating that the evidence, arguments of the parties, or the complete jury charge deprived Price of a valuable right or vitally affected a defensive theory. Price admits that the evidence did not focus on his intent or knowledge. He also concedes that there are no other considerations relevant to the harm analysis. Further, although Price argues otherwise, the State did not emphasize Price's intent and knowledge in its argument to the jury. The only reference to the culpable mental states was to explain that they were not an issue in the case. Price's counsel did not refer to the culpable mental states at all in his argument.

As to the charge, Price points to nothing, other than the wrong definitions, to claim that this factor weighs in favor of egregious harm. He takes issue with this Court's historical use of murder cases to support the proposition that "[w]here the application paragraph correctly instructs the jury, an error in the abstract instruction is not egregious[,]" *Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999), saying that murder is a simply stated offense while continuous sexual abuse of a young child is a complex offense. That is a distinction without a difference.

The application paragraph of the charge, not the abstract portion, authorizes a conviction. *Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex. Crim. App. 2012). The abstract paragraphs serve as a glossary to help the jury understand the meaning of concepts and

terms used in the application paragraphs of the charge. *Plata v. State*, 926 S.W.2d 300, 302 (Tex. Crim. App. 1996), *overruled on other grounds by Malik*, 953 S.W.2d 234. Reversible error occurs in the giving of an abstract instruction only when the instruction is an incorrect or misleading statement of a law that the jury must understand in order to implement the commands of the application paragraph. *Crenshaw*, 378 S.W.3d at 466; *Plata*, 926 S.W.2d at 302. "The inclusion of a merely superfluous abstraction, therefore, never produces reversible error in the court's charge because it has no effect on the jury's ability fairly and accurately to implement the commands of the application paragraph or paragraphs." *Plata*, 926 S.W.2d at 302-03.

Here, the application paragraph correctly charged the jury to find Price guilty if, beyond a reasonable doubt, Price committed "two or more acts of sexual abuse against a child younger than 14 years of age, namely, intentionally or knowingly caus[ing] the penetration of the mouth of [L.F.], a child who was then and there younger than 17 years of age, by the sexual organ of" Price. The extra result-of-conduct language in the abstract definitions was merely superfluous as it had no effect on the jury's ability to implement the application paragraph.

Accordingly, after a review of all the factors, we find Price was not egregiously harmed by the trial court's error, and Price's first issue is overruled.

FACTUAL SUFFICIENCY REVIEW

In his second issue, Price contends this Court should reinstate a factual sufficiency review and find that the evidence was factually insufficient to support his conviction. The Court of Criminal Appeals, in *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App.

2010), abandoned the factual-sufficiency standard of review in criminal cases. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). This Court has previously considered and rejected arguments such as those presented by Price to reinstate a factual-sufficiency review. *See, e.g., King v. State*, No. 10-19-00280-CR, 2021 Tex. App. LEXIS 3001, at *17-18 (Tex. App.—Waco Apr. 21, 2021, pet. ref'd) (not designated for publication); *Steggall v. State*, No. 10-17-00017-CR, 2018 Tex. App. LEXIS 6228, at *1-2 (Tex. App.—Waco Aug. 8, 2018, pet. ref'd) (not designated for publication); *Wilkins v. State*, No. 10-16-00233-CR, 2018 Tex. App. LEXIS 1575 at *8 (Tex. App.—Waco Feb. 28, 2018, pet. ref'd) (not designated for publication). We are not persuaded by Price's arguments to reinstate a factual sufficiency review in this case. Accordingly, Price's second issue is overruled.

**CONCLUSION**

Having overruled Price's issues on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed July 5, 2023
Do not publish
[CRPM]

