

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00042-CR

JUSTIN DENARD HEMPHILL,

                                                      Appellant

 v.

THE STATE OF TEXAS,

                                                      Appellee

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 17-02187-CRF-272

## MEMORANDUM OPINION

A jury found Appellant Justin Denard Hemphill guilty of the offense of aggravated robbery, and the trial court sentenced him to fifty-five years' confinement in the Texas Department of Criminal Justice Correctional Institutions Division. Hemphill challenges his conviction in two issues. We will affirm.

### Issues

In his first issue, Hemphill asserts that the evidence was legally insufficient to support his conviction.

In his second issue, Hemphill asserts that the trial court erred in overruling his objection to the prosecutor's improper jury argument.[1]

*Discussion*

A. Sufficiency.  The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017).  This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781.  We may not re-weigh the evidence or substitute our judgment for that of the factfinder.  *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence.  *Villa*, 514 S.W.3d at 232.  Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial.  *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319, 99 S.Ct. 2781); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007).  We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution.  *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012).  This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony.  *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010).  Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating

---

[1] Our records reflect that, despite being represented by counsel, Hemphill has filed numerous *pro se* documents in this Court.  A party represented by counsel is not entitled to hybrid representation.  *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007) (noting that courts are free to disregard *pro se* motions presented by a defendant represented by counsel); *Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001).  As such, we will not respond to Hemphill's numerous *pro se* documents filed in this Court.

circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

> We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.; see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

A hypothetically correct jury charge for aggravated robbery requires the jury to find that a defendant used or exhibited a deadly weapon during the commission of a robbery. TEX. PENAL CODE ANN. § 29.03(a)(2); *see also Bahena v. State*, 604 S.W.3d 527, 532 (Tex. App.—Houston [14th Dist.] 2020, pet. granted). A person commits robbery "if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he . . . intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." TEX. PENAL CODE ANN. § 29.02. A deadly weapon is "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury," or, "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id*. § 1.07(a)(17); *see also Johnson v. State*, 509 S.W.3d 320, 322-23 (Tex. Crim. App. 2017).

Hemphill's argument is that the evidence is insufficient to support a finding that he was the person who committed the aggravated robbery charged in the indictment. In

addition to the other elements of the offense, the State is required to prove beyond a reasonable doubt that the accused is the person who committed the charged crime. *Roberson v. State*, 16 S.W.3d 156, 167 (Tex. App.—Austin 2000, pet. ref'd) (citing *Johnson v. State*, 673 S.W.2d 190, 196 (Tex. Crim. App. 1984)). Identity may be proved by either direct or circumstantial evidence, "coupled with all reasonable inferences from that evidence." *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016).

The evidence at trial reflects that the Bryan Drive-In convenience store was robbed at approximately 9:50 a.m. on March 16, 2017. The complainant, the store owner, testified that a man entered the store, requested a pack of cigarettes, then pulled a gun and said, "Give me all the money or else I kill you." The robber was wearing a dark hoodie pulled around his face, sweatpants, white gloves, and dark tennis shoes. The complainant identified Hemphill as the robber after viewing a photo array prepared by the police. The complainant also identified Hemphill as the robber in court.

The police sent still photographs from the surveillance video to others in the department, and Hemphill was identified as the robber by an officer who previously had contact with him. Tips from the community also identified Hemphill as the robber. After further investigation, the police questioned Hemphill's sister and niece. Both identified Hemphill as the robber after viewing the store's surveillance tapes and the still photographs to police and in court. The sister and the niece also both testified that Hemphill showed up at their apartment the day after the robbery with a large amount of money.

The manager of the beauty salon next door to the convenience store identified Hemphill from the photo array prepared by the police as a man who had entered her salon the day before the robbery. The salon manager testified that the man appeared to have ducked into the salon to avoid the attention of a police officer parked across the street. The salon manager also positively identified Hemphill in court.

Hemphill points out the discrepancies in the initial identification of the robber by the convenience store manager, as well as the discrepancies in the testimony and identifications of the other witnesses. However, as noted, "the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony." *Brooks*, 323 S.W.3d at 899. "The jury may choose to believe or disbelieve all or part of a witness's testimony, and we presume the jury resolved any conflicts in the evidence in favor of the prevailing party." *Green v. State*, 607 S.W.3d 147, 152 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *see also Marshall v. State*, 479 S.W.3d 840, 845 (Tex. Crim. App. 2016) ("We defer to the jury's finding when the record provides a conflict in the evidence.").

There was more than sufficient evidence from which "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," and that Hemphill was the person who committed the aggravated robbery charged in the indictment. *Zuniga*, 551 S.W.3d at 732. We overrule Hemphill's first issue.

B. Improper Jury Argument. In his second issue, Hemphill argues that the trial court erred in overruling his objection to the prosecutor's improper jury argument. The prosecutor stated the following during closing argument:

The next day he comes back. And you heard some testimony about another store in the area where someone wearing the same clothes went in, just about 30 minutes before the robbery of [the complainant's] place. But that store had glass casing all around the register area and just a little slot down here for money to pass through. So that store didn't get robbed. And although there's some video of a person in the store matching the defendant's description and wearing the same clothes, that owner didn't pay him much mind and the video was not very good.

Hemphill's objection was overruled by the Court.

Hemphill argues that the prosecutor's argument was not supported by the record because there was no evidence regarding the quality of the video and the video itself was not offered or admitted.

We review a trial court's ruling on an objection to closing argument for an abuse of discretion. *Reed v. State*, 421 S.W.3d 24, 31 (Tex. App.—Waco 2013, pet. ref'd). "A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement." *Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018). A trial court's erroneous ruling on a defendant's objection to improper jury argument is a non-constitutional error that must be disregarded unless it affects the defendant's substantial rights. TEX. R. APP. P. 44.2(b); *Castruita v. State*, 584 S.W.3d 88, 109 (Tex. App.—El Paso 2018, pet. ref'd). To determine whether an appellant's rights were affected, the reviewing court "must independently review the record as a whole." *Loch v. State*, 621 S.W.3d 279, 282 (Tex. Crim. App. 2021).

Generally, jury argument is limited to:

(1) summations of the evidence; (2) reasonable deductions from the evidence; (3) answers to argument of opposing counsel; and (4) a plea for law enforcement. *Guidry v. State*, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999). To determine if the prosecutor made an improper jury argument, we must

consider the entire argument in context—not merely isolated instances. *See Rodriguez v. State*, 90 S.W.3d 340, 364 (Tex. App.—El Paso 2001, pet. ref'd). An argument that exceeds these bounds is error, but only reversible error if, in light of the record as a whole, the argument is extreme or manifestly improper, violates a mandatory statute, or injects into the trial new facts that are harmful to the accused. *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992).

*Cosino v. State*, 503 S.W.3d 592, 603-04 (Tex. App.—Waco 2016, pet. ref'd).

Improper closing arguments include references to facts not in evidence or incorrect statements of law. *Phillips v. State*, 130 S.W.3d 343, 355 (Tex. App.—Houston [14th Dist.] 2004), *aff'd*, 193 S.W.3d 904 (Tex. Crim. App. 2006). Further, an argument that invites the jury to speculate whether the defendant has committed other crimes not in evidence is improper. *See Ex parte Lane*, 303 S.W.3d 702, 711–12 (Tex. Crim. App. 2009); *Villarreal v. State*, 576 S.W.2d 51, 64 (Tex. Crim. App. 1978).

*Coleman v. State*, 577 S.W.3d 623, 639 (Tex. App.—Fort Worth 2019, no pet.).

The record in this case reflects that defense counsel elicited testimony from one of the detectives who investigated the robbery regarding an event that occurred at a nearby convenience store thirty minutes prior to the robbery at the Bryan Drive-In. The clerk in the second convenience store told the detective that an individual dressed similarly to the robber at the Bryan Drive-In entered the store, requested a pack of cigarettes, and then walked out. The detective testified that the clerk was unable to identify Hemphill from the photo array prepared by police. The detective further testified that he had seen the surveillance video from the second convenience store but that he was unable to "make out" the face of the individual on the video.

Although the video itself was not admitted into evidence, defense counsel elicited testimony regarding the existence and quality of the video. The prosecutor's statement that "the video was not very good" is inferable from the detective's testimony rather than

a reference to facts not in evidence. "A prosecuting attorney is permitted in argument to draw all inferences from the facts in evidence which are reasonable, fair and legitimate, and offered in good faith." *Castruita*, 584 S.W.3d at 108-09 (citing *Cantu v. State*, 939 S.W.2d 627, 633 (Tex. Crim. App. 1997)). Reviewing the record as a whole, the trial court did not err in overruling the objection to the prosecutor's closing argument. We overrule Hemphill's second issue.

<div align="center">Conclusion</div>

Having overruled Hemphill's issues, we affirm the judgment of the trial court.

<div style="text-align:center; margin-left:40%;">MATT JOHNSON<br>Justice</div>

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Rose[2]
Affirmed
Opinion delivered and filed August 18, 2021
Do not publish
[CR25]



---

[2] The Honorable Jeff Rose, Former Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.